## THE HERCULES.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

### No. 192.

TOWAGE―SINKING OF TOW BY ICE―LIABILITY OF TUG.

A tug *held* liable for the loss of a barge in tow which sank from injury by ice, on the ground that, when the tug dropped the barge to break the way through an ice field extending out from the dock where she was to be berthed, she was left with such way on as to carry her against the ice field with such force as to break a hole through her planking.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Towage, §§ 11–23.]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a decree in favor of the libelant entered June 15, 1907, awarding $1,335 against the claimant, as owner of the tug Hercules, for negligently towing the libelant's boat Darwin into the ice at Bay Ridge, South Brooklyn.

Amos Van Etten, for appellant.

Martin A. Ryan, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The testimony warrants the following conclusions:

First. The Darwin was in a seaworthy condition when taken in tow by the Hercules at the Hoboken coal docks.

Second. She was not injured on the journey to South Brooklyn, a distance of six or seven miles. There was floating ice in the North River but there is no evidence that it struck the Darwin. From the Battery to Bay Ridge there was clear water.

Third. The contention that the injury which caused the Darwin to sink was received on the journey down is based wholly upon inference and is inconsistent with the undisputed fact that no leak was discovered during the two hours and a half that she was being towed.

Fourth. At Sixty-Fifth street, which was the destination of the boat, there was a field of solid ice extending 150 yards from the shore through which it was necessary for the tug to break a passage before she could dock the Darwin.

Fifth. While the tug was engaged in this occupation the Darwin was left alone in clear water from 60 to 300 feet from the edge of the ice field. That she actually struck the ice field is conceded on all sides, and very soon thereafter—within two minutes the captain says—the leak was discovered and the signal for assistance was given.

Sixth. The Darwin was heavily loaded, she had a freeboard of only 18 inches and there was very little wind. It would seem highly improbable, if the tug had brought the Darwin to a standstill, that she could have drifted 60 feet, or 300 feet, with sufficient force to break a hole 10 by 12 inches in size through her planking.

Seventh. The inference seems clear that when the tug left the Darwin in an absolutely helpless position, the latter had on sufficient way to carry her into the ice with force enough to cause the injury. The District Judge so found and there seems to be no other plausible solution of the problem.

If the Darwin had received a wound 10 by 12 inches on the way down to the Battery it is apparent that it would have manifested itself on the journey to Bay Ridge. The wound could not have been inflicted after leaving the Battery for the reason that no ice was encountered thereafter. We are unable to say from the testimony what was the thickness of the solid ice into which the Darwin sheered, or what was her size and construction, or what was the exact location of the wound—whether on the port side near the bow or on the port side of the bow. Positive proof on these questions would have aided the court materially in locating the blame for the injury.

On the record as presented we are unable to say that the finding of the District Judge, who saw and heard the witnesses, is against the weight of evidence.

The decree is affirmed, with interest and costs.